**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BEN WALKER,

    Plaintiff,

v.

COURT OF COMMON PLEAS OF
MONROE COUNTY, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:12-CV-2206

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

Presently before the Court are the Report and Recommendation ("R & R") of Magistrate Judge Martin C. Carlson (Doc. 28) and Plaintiff Ben Walker's objections (Doc. 31). The Magistrate Judge recommends that: Walker's Motion for Default Judgment (Doc. 12) be denied, the Motion to Strike Walker's Motion for Default Judgment (Doc. 15) be dismissed as moot, the two Motions to Dismiss Walker's Complaint (Docs. 17, 20) be granted, and the Motion for Enlargement of Time to Respond to Walker's Complaint (Doc. 14) be dismissed as moot. For the reasons below, the R & R will be adopted.

## BACKGROUND

**I.**    **Factual and Procedural Background**

On November 5, 2012, Walker commenced this action by filing a *pro se* Complaint (Doc. 1) against: Attorney Kimberly Fedrigon; Monroe County Public Defender Frederick Cutaio; Monroe County Chief Public Defender Wieslaw Niemoczynski; Monroe County Prothonotary George Warden; Monroe County Deputy Prothonotary Jessica Jones (collectively, the "County Defendants"); Monroe County Court of Common Pleas Judge Stephen Higgins; Monroe County Court of Common Pleas Judge Jonathan Mark; the Monroe County Court of Common Pleas; and the Monroe County Court of Common Pleas Domestic Relations Section (collectively, the "Judicial Defendants"). Walker claims that Defendants harmed him in August and September 2012 by issuing illegal Protection From Abuse Orders ("PFAs") against him, failing to stop the PFAs from being issued, failing to

remove the PFAs from the public record, and failing to respond to requests made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, about the validity of the PFAs. (*Id.* at 2–7.) He seeks to have the PFAs removed from the public record and the records of all law enforcement agencies that received copies of the PFAs, as well as $3,000,000.00 in damages. (*Id.* at 7–8.)

Walker subsequently supplemented, amended, or revised his Complaint five times between November 8, 2012 and November 16, 2012. (Docs. 3, 5–8.) He then filed a Motion for Default Judgment on December 13, 2012. (Doc. 12.) On December 14, 2012, the Judicial Defendants filed a *nunc pro tunc* Motion for Extension of Time to respond to Walker's Complaint. (Doc. 14.) That same day, the County Defendants moved to strike Walker's Motion for Default Judgment or, alternatively, for an extension of time to respond to Walker's Complaint. (Doc. 15.) On December 17, 2012, the Judicial Defendants moved to dismiss Walker's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 17.) The County Defendants also moved to dismiss Walker's Complaint pursuant to Rule 12(b)(6) on December 19, 2012. (Doc. 20.) The Magistrate Judge issued a R & R regarding these motions on December 27, 2012 (Doc. 28), and Walker filed objections on January 7, 2013 (Doc. 31). The R & R is thus ripe for disposition.

## II. The Magistrate Judge's R & R (Doc. 28)

On December 27, 2012, the Magistrate Judge issued a R & R recommending that the Court: deny Walker's Motion for Default Judgment (Doc. 12), dismiss the County Defendants' Motion to Strike Walker's Motion for Default Judgment (Doc. 15) as moot, grant the Judicial Defendants' Motion to Dismiss (Doc. 17) and the County Defendants' Motion to Dismiss (Doc. 20), and dismiss the Judicial Defendants' Motion for Enlargement of Time to Respond to Walker's Complaint (Doc. 14) as moot. (Doc. 28.)

The Magistrate Judge recommends that the Court exercise its discretion pursuant to Federal Rule of Civil Procedure 55(b)(2) and decline to enter default judgment in Walker's favor because all Defendants have fully responded to his Complaint, which may not have been properly served on them, by filing motions to dismiss. (Doc. 28 at 4–6.)

Accordingly, the Magistrate Judge recommends that the Court dismiss the County Defendants' Motion to Strike Walker's Motion for Default Judgment as moot. (*Id.* at 6.)

The Magistrate Judge recommends granting the motions to dismiss filed by the Judicial Defendants and the County Defendants for numerous reasons.[1] (*Id.* at 10–20.) Specifically, the Magistrate Judge recommends that Walker's claims against the Monroe County Court of Common Pleas and its Domestic Relations Section be dismissed because these entities enjoy immunity from suit under the Eleventh Amendment. (*Id.* at 10–12.) The Magistrate Judge further recommends that the Court dismiss Walker's claims against Judge Mark, Judge Higgins, Prothonotary Warden, and Deputy Prothonotary Jones because judicial and quasi-judicial officers who act in accordance with their duties are immune from suit. (*Id.* at 17–19.) Next, the Magistrate Judge recommends dismissal of Walker's claims against Attorney Fedrigon, Chief Public Defender Niemoczynski, and Public Defender Cutaio for failure to state a claim. (Doc. 28 at 15–17.) The Magistrate Judge also recommends dismissing Walker's FOIA claims because FOIA only applies to federal agencies and officials. (*Id.* at 19–20.) Finally, the Magistrate Judge recommends allowing Walker leave to amend his Complaint (*Id.* at 20–21), but advises that the *Rooker–Feldman* doctrine prevents Walker from re-litigating his state court PFA matter in federal court (*Id.* at 12–15).

### III. Walker's Objections to the R & R (Doc. 31)

On January 7, 2013, Walker filed objections to the R & R. (Doc. 31.) He states that he understands the Magistrate Judge's recommendations regarding judicial and quasi-judicial immunity, but contends that those clothed with immunity in this matter committed intentional fraud in and relating to his state court PFA matter. (*Id.* at 1.) Specifically, he contends that Public Defender Cutaio should not have attempted to represent him in his PFA matter, as he was representing himself. (*Id.* at 1–2.) He also contends that Attorney

---

[1] In light of the filing of the Judicial Defendants' Motion to Dismiss, the Magistrate Judge recommends dismissing the Judicial Defendants' Motion for Enlargement of Time to Respond to Walker's Complaint as moot. (Doc. 28 at 22.)

3

Fedrigon, who represented his wife in the PFA matter, committed fraud because her attorney in this case, who also represents the Monroe County public defenders and prothonotary staff named as Defendants, included her as a County Defendant. (*Id.* at 2–3.)

## DISCUSSION

I. **Legal Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the R & R to which the petitioner objects *de novo*. The remainder of the R&R is reviewed for clear error.

II. **Analysis**

Although Walker makes several arguments in his objections to the R & R, none respond to any of the Magistrate Judge's recommendations. Instead, as detailed above, he attempts to show that Public Defender Cutaio and Attorney Fedrigon intentionally committed fraud in connection with his state court PFA matter. As these objections are irrelevant to Walker's Complaint or the Magistrate Judge's R & R, the Court will not entertain

4

them. Having reviewed the R & R for clear error or manifest injustice and finding none,[2] the Court will adopt the Magistrate Judge's recommendations.

## **CONCLUSION**

For the reasons stated above, the Magistrate Judge's R & R will be adopted. Walker's Motion for Default Judgment (Doc. 12) will be denied, the County Defendants' Motion to Strike Walker's Motion for Default Judgment (Doc. 15) will be dismissed as moot, the Judicial Defendants' Motion to Dismiss (Doc. 17) and the County Defendants' Motion to Dismiss (Doc. 20) will be granted, and the Judicial Defendants' Motion for Enlargement of Time to Respond to Walker's Complaint (Doc. 14) be dismissed as moot. Walker's Complaint (Doc. 1) will be dismissed without prejudice and he will be given an opportunity to file a single comprehensive amended complaint consistent with this Memorandum and the Magistrate Judge's R & R within twenty-one days. His failure to do so will result in this action being dismissed with prejudice.

An appropriate order follows.

May 29, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[2] The Court notes that although Walker cites the Magistrate Judge's R & R for the proposition that Public Defender Cutaio and Attorney Fedrigon are protected with common law immunity in this matter, the Magistrate Judge never made such a recommendation. Instead, the Magistrate Judge recommended that Walker's claims against these individuals be dismissed because he cannot state a FOIA or § 1983 claim against them.

5